**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SANTA FE PROPERTIES, INC.,
  a New Mexico corporation,

       Plaintiff,

vs.                                                                          No. CIV 04-0518 JB/DJS

FRENCH & FRENCH FINE
  PROPERTIES, INC.,

MICHAEL FRENCH,
  QUALIFYING BROKER for
  French & French Fine Properties, Inc.; and

ROBERT O'CONNOR, whose Web address
  is www.prestigesantafeproperties.com,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

     **THIS MATTER** comes before the Court on the Plaintiff's Motion for Order to Show Cause,

filed April 4, 2004 (Doc. 9).  The Court granted Plaintiff Santa Fe Properties' request to hold a

hearing to have Defendants French & French Fine Properties, Inc. and Michael French, Qualifying

Broker for French & French Fine Properties, Inc. (hereinafter "French") show cause why the Court

should not hold French in contempt. <u>See</u> Order at 1, filed April 25, 2005 (Doc.13).  The Court held

the show-cause hearing on May 11, 2005.  The primary issue is whether French violated the Court's

Stipulated Order.  Consistent with the Court's ruling at the hearing on this motion, and for the

reasons given at the time of the hearing, the Court will grant in part and deny in part Santa Fe

Properties' requests.

### FACTUAL BACKGROUND

In obtaining the mark SANTA FE PROPERTIES ("Santa Fe Properties' marks"), the United

States Patent and Trademark Office ("USPTO") required the registrant, Santa Fe Properties, to state:

"No claim is made to the exclusive right to use PROPERTIES apart from the mark as shown."  Santa

Fe Properties' Mark at 3 (dated May 24, 1999).  The services for Registration No. 2,383,332 were

"real estate services, namely brokerage, appraisals, management, listing of real properties, leasing,

and related services."  Id. at 1.

### PROCEDURAL BACKGROUND

In May 2004, Santa Fe Properties filed a Complaint for trademark infringement to prevent

use of certain metatags[1] that allegedly infringed on trademarks that Santa Fe Properties owned.

Santa Fe Properties alleged infringement of five registered trademarks, four of which included the

city name, Santa Fe.  The suit also alleged trademark infringement by one of French's agents, Robert

O'Connor, for use of the domain name, "prestigesantafeproperties."

On May 26, 2004, the parties submitted, and the Court entered, a Stipulated Order and

Judgment for Permanent Injunction (Doc. 5).  The Stipulated Order identified only two of the

trademarks, namely Santa Fe Properties and Santa Fe Living.  Use of "prestigesantafeproperties" was

discontinued, and Santa Fe Properties does not allege any violation of that portion of the injunction.

Accordingly, only two of the five marks are at issue in this motion.

---

[1] "Metatags" or "meta tags" are defined as: "A special HTML tag that provides information about a Web page.  Unlike normal HTML tags, meta tags do not affect how the page is displayed. Instead, they provide information such as who created the page, how often it is updated, what the page is about, and which keywords represent the page's content.  Many search engines use this information when building their indices."  Webopedia, The #1 Online Dictionary Dedicated to Online Technology, *available at*  http://www.webopedia.com/TERM/M/meta_tag.html (visited August 7, 2005).

The portion of the Injunction at issue in this motion is paragraph 2. Paragraph 2 of the Stipulated Order provides that the parties agreed and that the Court has permanently enjoined French, and any and all officers, agents, and all other persons acting for, with, by, through, or under French, from using the Santa Fe Properties' marks as an identification of a source of real estate services of French & French or of any French agent "in any media, including but not limited to metatags for Website pages." Stipulated Order ¶ 2, at 3. Paragraph A of the Stipulated Order defines "Santa Fe Properties' Marks" to include Santa Fe Properties' registered mark SANTA FE PROPERTIES. Paragraph 2 of the Stipulated Order also provides that the only exception from use of Santa Fe Properties' marks is French's use of the words "Santa Fe" or "properties" (lower case letters), but not in juxtaposition and only in descriptive text.

The Stipulated Order provides in paragraph 5 that, on becoming aware of a violation of the Stipulated Order, Santa Fe Properties will notify French in writing and allow French ten days to cure or resolve the violation. Paragraph 6 of the Stipulated Order provides that the Court retains jurisdiction over the parties and the subject matter of this cause to enforce the terms of the Stipulated Order.

Real estate agents associated with, and other persons acting for, with, by, through or under French, host and maintain a web site. The domain name for the web site is www.santafefinerproperties.com. Only the word "finer" separates the words "santafe" and "properties." The domain name uses the words "santafe" and "properties" in lower case letters, in juxtaposition, and not in descriptive text.

Santa Fe Properties mailed a written notice of the violation to French on March 17, 2005. French's counsel mailed a written response on March 21, 2005, rejecting the opportunity to cure or

resolve the violation.  Santa Fe Properties waited the ten days provided under the Stipulated Order,

but French did not cure or resolve the violation, and did not offer to cure or to resolve the violation.

The web site under the domain name www.santafefinerproperties.com remains up and running.

Santa Fe Properties moves the Court to issue an order directing French to show cause, if any,

why the Court should not hold them in contempt of this Court for their alleged failure to abide by

the Stipulated Order and Judgment for Permanent Injunction that the Court entered on May 26, 2004.

Specifically, Santa Fe Properties moves the Court for an order: (i) directing French to appear and to

show cause why the Court should not hold them in contempt for violation of the Stipulated Order's

provisions; (ii) ordering French to immediately cease use of the www.santafefinerproperties.com

domain name and SANTA FE FINER PROPERTIES (or Santa Fe Finer Properties); (iii) ordering

French to assign the www.santafefinerproperties.com domain name to Santa Fe Properties; (iv)

awarding Santa Fe Properties reasonable attorney fees and costs in connection with this proceeding;

and (v) enjoining French from prosecuting the cancellation of Santa Fe Properties' mark before the

USPTO.  French opposes this motion.

On April 20, 2005, the Court entered an Order to Show Cause, ordering French to appear on

May 11, 2005 to show cause, if any they have, why the Court should not hold French in contempt

for their alleged failure to abide by the Stipulated Order.

## LAW REGARDING ENFORCEMENT PROCEEDINGS

"In a contempt proceeding to enforce the injunction entered as a part of that judgment, the

only available defense for anyone bound by the injunction [i]s that the [defendant] did not infringe

. . . .  Validity and infringement by the original device [a]re not open to challenge."  Additive

Controls & Measurement Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345, 1350 (5th Cir. 1998)(citing

KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1529 (Fed. Cir. 1985)).  See Royal Int'l

Optical Co. v. Tex. State Optical Co., 92 N.M. 237, 241, 586 P.2d 318, 322 (Ct. App. 1978)("'A

proceeding to enforce a judgment is collateral to the judgment, and therefore no inquiry into its

regularity or validity can be permitted in such a proceeding.'" (quoting 49 C.J.S. Judgments § 409

(1947)).  In World's Finest Chocolate, Inc. v. World Candies, Inc., 409 F. Supp. 840 (N.D. Ill. 1976),

*aff'd*, 559 F.2d 1226 (7th Cir. 1977), the parties to a trademark infringement action entered into an

agreement settling their litigation.  The defendant in that action "acknowledged infringement of the

mark" and agreed not to use the words "finest" and "world's" in combination on any future candy

sales.  Id. at 843.  The court approved a consent judgment enjoining the defendant from using the

plaintiff's trademark or any "colorable imitation" thereof.  The court further retained jurisdiction

over the action for enforcement of the injunction.  Several years later, the plaintiff brought contempt

proceedings against the defendant for an alleged violation of the injunction.  The court, noting that

"[t]he issue before the court at this time is what the consent judgment means by the plain intendment

of the words used therein and whether the conduct of the defendant has violated its provisions," id.

at 844, denied the defendant's "contention that this consent judgment was void ab initio, as there was

no legally protectible res to which jurisdiction could attach, is without merit," id.  The district court

held: "The terms of the judgment or of the injunction cannot be attacked in a civil contempt

proceeding as they are res judicata."  Id.  Accordingly, the district court held that the defendant could

not challenge the validity of the registration of the plaintiff's trademark.  Id. at 844-45; id. at 845

("This court is of the opinion that defendant's admission of infringement in the consent judgment

operates as a waiver of the right to submit evidence on that issue when proceedings for civil

contempt are before it.").  The court also viewed with distaste the defendant's attempt to cancel the

plaintiff's registration in a separate proceeding before the USPTO.  Id. at 845 (noting that seeking

cancellation of the plaintiff's mark "was clearly done to harass the plaintiff and is, in this court's

opinion, contrary to the terms of the consent judgment").  The court noted that it had retained

jurisdiction over the case and therefore issued an order enjoining the defendant from further pursuing

its cancellation action before the USPTO.  See id. at 845-46.

### LAW REGARDING CONTEMPT PROCEEDINGS

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear

and convincing evidence, that a valid court order existed, that the defendant had knowledge of the

order, and that the defendant disobeyed the order."  Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d

1311, 1315 (10th Cir. 1998)(internal citation omitted).  "[A] plaintiff . . . who already has a judgment

establishing that the defendant has infringed, is not required to muster all of the evidence it would

need to make out an original infringement case in order to prove contempt."  Wolfard Glassbowing

Co. v. Vanbragt, 118 F.3d 1320, 1322 (9th Cir. 1997).  A party "would have . . . no incentive to settle

its infringement case if the resulting injunction could not be enforced without renewed litigation of

all of the elements of its original infringement claim."  Id.

In Wella Corp. v. Wella Graphics, Inc., 37 F.3d 46 (2d Cir. 1994), the United States Court

of Appeals for the Second Circuit held that the district court had committed error when, in

considering a contempt motion to enforce an injunction, it "erroneously went beyond the terms of

the injunction and applied the . . . factors [set forth in Polaroid Corp. v. Polaroid Elecs. Corp., 287

F.2d 492 (2d Cir. 1961)]."  Id. at 48.

## ANALYSIS

### I.    THE COURT HAS JURISDICTION TO ENTERTAIN THIS MOTION.

French has not questioned the Court's initial jurisdiction over the subject matter of the proceeding. The Court retained jurisdiction of this matter in accordance with Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). The Supreme Court held that parties who wish to provide for a court's enforcement of a settlement agreement may seek to do so. See id. at 381. French has also not questioned the Court's continued assertion of jurisdiction for purposes of enforcing the Stipulated Order. French does not contend that the Court lacks jurisdiction over the parties.

Accordingly, the Court has jurisdiction to enforce the Stipulated Order.

### II.    FRENCH HAS VIOLATED THE STIPULATED ORDER.

French voluntarily entered into the Stipulated Order and agreed to a permanent injunction. French does not contest that the Court validly issued the Stipulated Order or that it is binding on the parties. Accordingly, the Court must conclude that French entered into a binding agreement with Santa Fe Properties, which agreement the Court memorialized in a valid and binding Stipulated Order.

Santa Fe Properties contends that French is in knowing and deliberate violation of the Stipulated Order. French denies that they have violated the prohibition in the injunction. French contends that Santa Fe Properties brought this motion to harass and unfairly compete with French in the field of real estate brokerage in the vicinity of Santa Fe, New Mexico.

The principal issue is the interpretation and application of the injunction. The primary issue is the meaning of the injunction's terms.

The term "juxtaposition" means "placing close together or side by side." <u>Random House Unabridged Dictionary</u> at 1041 (2d ed. 1993). French has violated the Stipulated Order by authorizing agents and other persons acting for, with, by, through, or under French to establish a domain name on the World Wide Web entitled www.santafefinerproperties.com. The agents are associated with French. The domain name uses the words "santafe" and "properties," which are word components of Santa Fe Properties' mark, in lower case letters, in juxtaposition, and not in descriptive text.

French seeks to avoid being held in contempt by collaterally attacking the Court's Stipulated Order and by raising defenses that they could have, but did not, raise earlier. French contends that the Court must be aware of the context of the injunction before it can interpret it. French contends that the language requires the context of the trademark registration procedures, including the legal requirements for a mark comprised of highly descriptive words, including a city name.

French attempts to introduce issues that the Court should not address on this motion. Santa Fe Properties filed its motion based on French's violation of the Court's Stipulated Order to which French has agreed to be bound. French has not questioned the validity or enforceability of the Stipulated Order.

Instead, even though French agreed to the Stipulated Order's language and agreed that the Stipulated Order is valid and binding on them, they attempt to collaterally attack the order by arguing over the initial validity of Santa Fe Properties' registered trademarks and service marks. The Court need not decide whether French may ever do what they want to do here in a separate forum, such as in a separate action before the USPTO concerning the validity of the Santa Fe Properties Marks. But French cannot raise the validity of the Santa Fe Properties' marks at this late date of the proceedings

here. Nor may they avoid enforcement of the Order here. French may not attack the validity of the Court's Stipulated Order in this forum. See World's Finest Chocolate, Inc. v. World Candies, Inc., 409 F. Supp. at 845.

French's arguments constitute an impermissible collateral attack on the Court's valid and binding order. French surrendered his right to argue over the initial validity of Santa Fe Properties' registered trademarks and service marks in this case when they agreed to the terms of the Stipulated Order. French does not get a second bite at the apple.

The only appropriate question that Santa Fe Properties' motion presents is whether French's actions in their use of the www.santafefinerproperties.com domain name and SANTA FE FINER PROPERTIES violate the Stipulated Order's provisions. Accordingly, the Court will disregard and not consider French's arguments concerning the validity of the registration of Santa Fe Properties' marks.

It is true that Santa Fe Properties does not allege any actual confusion arising from the use by two of French's agents of the domain name www.santefefinerproperties.com. The Stipulated Order's terms do not require, however, Santa Fe Properties to allege or prove confusion resulting from French's actions. Again, the alleged weakness of Santa Fe Properties' federal trademark registration is not an appropriate issue.

French suggests that the Stipulated Order prevents French's use of the Santa Fe Properties' marks only in "metatag usage." The Court disagrees. The Stipulated Order's terms apply to "any media, including but not limited to metatags for Website pages." Stipulated Order ¶ 2, at 3. Moreover, the Stipulated Order enjoined French's use of a similar domain name.

French may not seek to avoid enforcement of the Stipulated Order against them. The Court

will hold French in contempt of Court for violation of the Court's Stipulated Order.  The Court will also order French to cease all use of SANTA FE PROPERTIES, such as on the home page of the www.santafinerproperties.com website and domain name.

## III.    SANTA FE PROPERTIES IS ENTITLED TO ATTORNEY FEES AND COSTS.

In view of the violation of the Stipulated Order, Santa Fe Properties is entitled to recover reasonable attorney fees and costs incurred in connection with the motion.  See World's Finest Chocolate, Inc. v. World Candies, Inc., 409 F. Supp. at 845 ("A successful plaintiff in a civil contempt proceeding may recover not less than its expenses, including reasonable attorneys' fees, incurred in enforcing an order of the court.")(citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967)).

## IV.    THE COURT WILL NOT ENJOIN FRENCH FROM FURTHER PROSECUTION OF THEIR CANCELLATION ACTION BEFORE THE USPTO.

In its Reply, for the first time, Santa Fe Properties asks the Court to issue a new injunction preventing French from continuing to prosecute their cancellation action before the USPTO.  Santa Fe Properties contend that this prosecution is an attempt to run around the Court's Stipulated Order.

In urging the Court to enjoin French from seeking cancellation of Santa Fe Properties' mark, Santa Fe Properties highlights that the district court in World's Finest Chocolate, Inc. v. World Candies, Inc. entered an order restraining the defendant from seeking cancellation of the mark with the USPTO.  In World's Finest Chocolate, Inc. v. World Candies, Inc., however, the defendant had, in the consent judgment, admitted that it had infringed on the plaintiff's mark.  See 409 F. Supp. at 843.  In this case, however, French contends that the Stipulated Order does not contain a similar admission of infringement.

The Court declines to enjoin French from seeking cancellation of Santa Fe Properties' mark with the USPTO.  The USPTO is a more appropriate forum to address whether the Stipulated Order precludes French's cancellation of the Santa Fe Properties' mark.  Accordingly, Santa Fe Properties' request to enjoin French's action challenging the mark with the USPTO is denied.

## V. THE COURT WILL NOT ORDER FRENCH TO ASSIGN www.santefefinerproperties.com DOMAIN NAME TO SANTA FE PROPERTIES.

In its Reply, for the first time, Santa Fe Properties asks the Court to order French to assign the www.santafefinerproperties.com domain name to Santa Fe Properties.  Because there is a possibility that the domain name has some value, and the parties have not bargained for this transfer, the Court will not assign the domain name to Santa Fe Properties.

**IT IS ORDERED** that Defendants French & French and Michael French are in contempt of the Court's Stipulated Order.  Defendants French & French Fine Properties, Inc. and Michael French shall immediately cease use of the www.santafefinerproperties.com domain name and SANTA FE FINER PROPERTIES or Santa Fe Finer Properties.  French is also ordered to pay Santa Fe Properties' reasonable attorneys' fees and costs incurred in connection with this proceeding.[2] Santa Fe Properties' requests that the Court enjoin French from challenging the mark with the USPTO and that the Court assign the domain name to Santa Fe Properties are denied.

---

[2] At the hearing, the Court ordered "Santa Fe Properties to pay reasonable attorney's fees and costs in connection with this proceeding."  See Transcript at 27:24- 28:1.  As documented in this Memorandum Opinion and Order, however, the Court orders French to pay reasonable attorney's fees and costs.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Ray R. Regan
Law Office of Ray R. Regan, P.A.
Corrales, New Mexico

-- and --

DeWitt M. Morgan
William G. Gilchrist
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Paul Adams
Peacock, Myers & Adams
Albuquerque, New Mexico

      *Attorney for the Defendant*