IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANTA FE PROPERTIES, INC.,
a New Mexico Corporation,

        Plaintiff,

vs.                                                            No. CIV-04-0518 JB/DJS

FRENCH & FRENCH FINE PROPERTIES, INC.,
a New Mexico Corporation;
MICHAEL FRENCH, Qualifying Broker for
French & French Fine Properties, Inc., and
ROBERT O'CONNOR, whose web address is
www.prestigesantafeproperties.com,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Attorney's Fees and Costs Pursuant to Court Order, filed September 8, 2005 (Doc. 18). The Court offered the parties an opportunity to argue the motion and scheduled a hearing for August 10, 2006; however, that hearing was vacated because they preferred that the Court decide the issues on the briefs. The primary issues are whether the Court should reduce the total award of fees because: (i) two senior lawyers were involved; (ii) Santa Fe Properties, Inc. incurred some of its fees opposing Defendant French & French Properties, Inc.'s cancellation proceeding at the U.S. Trademark Office; and (iii) there is alleged redundancy of effort within the Rodey law firm. Because French & French has not met its burden of establishing that most of the fees that Santa Fe Properties incurred were not reasonably or necessarily incurred, the Court will grant the motion in large part, deny it in part, and

award Santa Fe Properties $25,646.53 in fees and costs.

## FACTUAL & PROCEDURAL BACKGROUND

On May 4, 2004, Santa Fe Properties filed a complaint for trademark infringement, Doc. 1, accompanied by a motion for a restraining order, Doc. 2 & 3. On May 26, 2004, the parties filed a Stipulated Order and Judgment for Permanent Injunction. Doc. 5. A year later, on April 4, 2005, Santa Fe Properties filed their Motion to Show Cause, requesting that French & French explain why it not be held in contempt for failure to abide by the stipulated judgment of injunction. Doc. 9. The sole issue presented by the Motion for Order to Show Cause was whether the use by French & French of an Internet domain name, "santafeproperties.com," violated the stipulated injunction. After French & French filed a response, Santa Fe Properties a reply, and the parties attended a hearing, the Court found French & French's domain name to be in violation of the injunction. In its order, the Court awarded "reasonable attorneys' fees and costs incurred in connection with the motion." Doc. 17. The present Motion for Attorneys' Fees followed. Doc. 18.

## LAW REGARDING FEES

Although "the district court has the discretion to make certain adjustments to the lodestar[, the] party seeking adjustment has the burden of proving that an adjustment is necessary." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3rd Cir. 1990). See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1250 (10th Cir. 1998)("[I]t is neither practical nor desirable to expect the trial court judge to have reviewed each paper in the massive case file to decide, for example, whether a particular motion could have been done in 9.6 hours instead of 14.3 hours.")(internal quotation marks and citation omitted). In assessing the fee opponent's objections, "generalized statements that the time spent was unreasonable or unnecessary are not particularly helpful and not entitled to much weight."

Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F.Supp.2d 1301, 1314 (M.D. Fla. 2003).  See Spellan v. Bd. of Educ. for Dist. 111, 59 F.3d 642, 646 (7th Cir. 1995)(requiring a district court, where party entitled to an award of fees pursuant to contract had already been billed for and paid its attorneys' fees, to demand specific objections to any itemized attorneys' fees item).

## ANALYSIS

**1.     Two Senior Lawyers**.

Santa Fe Properties engaged four attorneys from three law firms.  Two – Ray R. Regan and DeWitt M. Morgan – are veteran trademark attorneys.  French & French contends that one would have sufficed, and that the Court should not require French & French to pay for both.

There is nothing inherently wrong with one senior lawyer retaining another senior lawyer in a case or in a proceeding.  Here, French & French's decision to raise certain defenses to the Motion for Contempt appears to be the reason that Mr. Regan contacted Mr. Morgan, and Santa Fe Properties has not shown that this decision was unreasonable.

While the Court does not have a problem with Santa Fe Properties retaining two senior lawyers, the Court believes that there was some inefficiency and billing that the Court should not shift to French & French.  The Court believes that it needs to be careful not to shift the cost of bringing the Rodey Law Firm up to speed in the case.  For example, while it is certainly understandable that Mr. Regan had to prepare to meet Mr. Morgan, the Court is not convinced that French & French should pay for that preparation.  The Court will deduct 4.75 hours or $1,306.25 from Mr. Regan's bill.  Similarly, Mr. Regan and Mr. Morgan each billed for the meeting, and Mr. Morgan billed for reviewing e-mails from Mr. Regan.  While a meeting was no doubt needed to transfer work, the

Court will allow one of the attorney's time, but not both of their time. The Court will deduct 3.75 hours or $1,110.00 from Mr. Morgan's bill.

Also, while the Court can appreciate that Mr. Regan would want to stay involved, and there is nothing unreasonable about that involvement, the Court is not convinced it should allow his fees to be shifted to French & French if Mr. Morgan's work was sufficient. For example, on May 1 and May 3, Mr. Regan spent 1.75 hours or $481.25 reviewing the reply brief that Mr. Morgan's associate drafted and that Mr. Morgan prepared. The Court will deduct that amount from the fee bill.

There may be some more time on May 2, May 3, May 10, and May 11, 2005 that involved inter-firm communications and meetings. French & French has not, however, shown that those discussions were not reasonable or necessary. Instead, French & French attacks the entire notion that both Mr. Regan and Mr. Morgan should have been involved. That argument, without more, is not sufficient to carry French & French's burden of showing that the Court should not award Santa Fe Properties its fees.

While the Court understands Mr. Regan's desire to be at the hearing, Mr. Morgan handled it, and there is no need to double bill French & French for that time. The Court will deduct 7.35 hours or $2,021.25 from Mr. Regan's time. The Court will also deduct 2.75 hours or $756.25 for Mr. Regan's preparation for and attending the hearing.

French & French tries to reduce the fees for the hearing down further by challenging the amount of time Mr. Morgan spent and by the fact that he brought an associate who had done the drafting of the reply. The Court is not convinced it should reduce further the bill for the hearing. The Court believes that it was reasonable for the drafting associate to attend and that whatever scheduling problems the attorneys encountered are part and parcel of litigation in a very busy federal district.

In sum, the Court will deduct a total of $5,675.00 for duplication of effort by Mr. Regan and Mr. Morgan .

### 2. Cancellation Proceeding at the U.S. Trademark Office.

The parties agree that Santa Fe Properties should not collect for fees incurred in researching and strategizing the cancellation matter before the USPTO. The parties agree that the Court should deduct $618.75 for Mr. Regan's billings for dealing with a separate proceeding in a separate forum. Such a reduction is consistent with the Court's order of August 9, 2005, awarding fees "incurred in connection with this proceeding."

French & French attempts to have the Court cut out more time that Mr. Gilchrist spent researching the issue. While his time entries discuss "injunctive relief," his research appears to have been used in a line of research that he incorporated into the reply. The Court will not deduct for that research time or for Mr. Morgan's supervision of that work.

### 3. Redundancy.

French & French attempts to reduce Santa Fe Properties' bill further by contending that there is redundancy of effort within the Rodey Law Firm and/or the Mentoring of Mr. Gilchrist by Mr. Morgan. The Court agrees that training cannot be shifted to French & French, but the Court is not convinced that the two-man project inside the Rodey Law Firm was redundant. French & French has not shown that their joint work on the reply was not efficient.

### 4. French & French's Bill.

It is a common argument for the non-prevailing party to ask the Court to compare the prevailing party's fees to the fees incurred. That approach is not always helpful, because fees incurred may indicate quality and effort. In any case, the Court is not convinced that this approach is helpful

here, because much of Santa Fe Properties' fees appear to be a result of French & French including some arguments in its reply. The Court will use the comparison only as an overall check and not as the absolute measure of Santa Fe Properties' fees.

**5. Fees for Preparing its Motion for Fees**.

The Tenth Circuit "generally allows recovery of fees for attorneys' work in seeking attorneys' fees." Hernandez v. George, 783 F.2d 264, 269 (10th Cir. 1986). Time spent preparing the fees application "must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received." Anderson v. Director, Office of Workers Compensation Programs, 91 F.3d 1322, 1325 (9th Cir. 1996). See Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), cert. denied, 482 U.S. 914 (1987)("The cases from this and other circuits uniformly hold that a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over."); Gametech Intl'l, Inc. v. Trend Gaming Sys., L.L.C., 380 F.Supp.2d 1084, 1101 (D. Ariz. 2005)("Including the reasonable time to prepare an attorney's fees application in an award of attorney's fees to the prevailing party furthers the purpose of awarding such fees and does not constitute a windfall or double recovery."). Accordingly, the Court will award Santa Fe Properties its fees incurred in connection with the attorneys' fees phase of its Motion for Contempt.

**IT IS ORDERED** that the Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Court Order is granted in part and denied in part. The Plaintiff is awarded $25,646.53.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Katy C. Fain
Fain IP Law PC
Albuquerque, New Mexico

Ray R. Regan
Law Office of Ray R. Regan
Corrales, New Mexico

*– and –*

DeWitt M. Morgan
William G. Gilchrist, IV
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Paul Adams
Rod D. Baker
Peacock, Myers & Adams
Albuquerque, New Mexico

  *Attorneys for the Defendant*